IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FEDERAL WAGE AND LABOR LAW INSTITUTE** | § § § | |
| vs. | § § | Civil Action No. _____ |
| **TRUE ERP, INC.** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FEDERAL WAGE AND LABOR LAW INSTITUTE ("Plaintiff") by and through its attorneys as designated below, and complaining of and against the TRUE ERP, INC. ("Defendant"), and alleges as follows:

## I. JURISDICTION AND VENUE

1.  Plaintiff is, and was at all times mentioned, a corporation registered in the State of Texas.

2.  Defendant was, and is now, a corporation having its principal place of business in the State of California.

3.  This action is of a civil nature and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C.A. § 1332. Every issue of law and fact is wholly between citizens of different states.

4.  Venue is placed in this district because it is where the Defendant has its principal office and where the events complained of occurred. Venue of this action is proper under 28 U.S.C.A. § 1391(a).

1

## II.  PARTIES

5. Plaintiff, FEDERAL WAGE AND LABOR LAW INSTITUTE, IS A Texas corporation with its principal office at 7001 W. 43rd Street, Houston, Harris County, TX 77092

6. Defendant, TRUE ERP, INC., is a foreign corporation with its principal office at  17744 Skypark Circle, Suite 100, Irvine, Orange County, CA 92614.

## III.  FACTUAL ALLEGATIONS

7. FWLLI purchased the ERP Software Business Management System and Software Support from on or about January 9, 2014 to on or about September 14, 2016.

8. On or about January 26, 2015, True ERP sent a "Loan Agreement" to FWLLI which was signed by True ERP, but was never signed by FWLLI.

9. On or about February 1, 2015, Plaintiff noticed that the software was not functioning properly.  True ERP did not give the promised software support resulting in damages and loss to FWLLI.

10. FWLLI has purchased a product and service which does not work as promised, and FWLLI has had to purchase separate software and hire additional staff to keep its business running.

11. These acts or omissions by True ERP are grounds for damages for breach of the agreement formed by the paying of invoices, as well as for remedies under the Texas Deceptive Trade Practices Act ("DTPA").

12. FWLLI hereby seeks damages for breach of contract and violations of the Texas DTPA.  In order to prevail under the Texas Deceptive Trade Practices Act, Plaintiff must show that True ERP misrepresented the quality or quantity of the goods or

services and that such misrepresentations damaged the Plaintiff.  Specifically, True ERP or its agent's misrepresentations that its software would work properly and in a certain manner, and that True ERP would service such software, amount to violations of Sections 17.46(b) (2) (3), (5), (11), (12), (14), (22), (24), and (25) as well as Section 17.50(a) (1), (2), and (3) of the Texas Business and Commerce Code.  Under this statute, if found liable, treble damages may be awarded against True ERP.  Attorney's fees are also recoverable under the DTPA and for breach of contract.

13. FWLLI hereby seeks to recoup the $125,000.00 it has paid True ERP, as well as the $40,000.00 FWLLI has had to spend on new software plus the hiring of an in-house accountant.

**IV.**

**FIRST CAUSE OF ACTION:
DECEPTIVE TRADE PRACTICES**

14. Paragraphs 7 through 13 are incorporated herein by reference as if set forth in full.

15. Plaintiff is a "consumer" as defined by the Texas Deceptive Trade Practices Act ("DTPA"); and Defendant is a proper defendant under the DTPA.

16. Plaintiff sought to purchase goods and services from Defendant.  TEX. BUS. & COM. CODE § 17.45.

17. Defendant engaged in false, misleading, and deceptive acts and practices in the conduct of trade and commerce by advertising goods or services with intent not to sell them as advertised; and failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the

consumer would not have entered had the information been disclosed. TEX. BUS. & COM. CODE § 17.46(b)(9), (12), (24). Moreover, Defendant engaged in all such false, misleading, and deceptive acts and practices knowingly and intentionally.

18. Defendant used and employed false, misleading, and deceptive acts and practices, and Plaintiff relied on such acts and practices to its detriment as described above. Defendant's false, misleading, and deceptive acts and practices, and Plaintiff's reliance on such acts were a producing cause of economic damages for Plaintiff. As such, Defendant is liable to Plaintiff for Plaintiff's actual economic damages, treble economic damages, and attorneys' fees and costs. TEX. BUS. & COM. CODE § 17.50.

## V.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. Paragraphs 7 through 13 are incorporated herein by reference as if set forth in full.

20. Defendant's conduct as set forth herein constitutes the breach of an agreement with Plaintiff which has caused Plaintiff to sustain actual damages in an amount within the jurisdictional limits of this court. Accordingly, Defendant is liable for the actual damages for which Plaintiff hereby sues.

21. Plaintiffs also seeks its reasonable and necessary attorney's fees for such breach of contract pursuant to .

## VI.

## CLAIM FOR ATTORNEYS' FEES

22.  Paragraphs 7 through 13 are incorporated herein by reference as if set forth in full.

23.  Plaintiff seeks recovery of his attorneys' fees from Defendants under the DTPA, TEX. BUS. & COM. CODE § 17.50(b), as well as for breach of contract.

## VII.

## ALTERNATIVE PLEADING

24.  Pursuant to Rule 8, Federal Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, FEDERAL WAGE AND LABOR LAW INSTITUTE, respectfully requests that Defendant True ERP, Inc. appear and answer herein, and that the Court enter Judgment as follows:

1.  That Plaintiff have judgment against Defendant for Plaintiff's actual damages in the amount of $125,000.00 and consequential damages in the amount of $40,000.00, including pre-judgment and postjudgment interest at the legal rate;

2.  That Plaintiff recover costs of court incurred herein;

3.  That Plaintiff be awarded reasonable attorneys' fees; and

4.  That Plaintiff have such other and further relief, in equity or at law, to which it may show himself justly entitled.

Respectfully submitted,

BARKHURST & HINOJOSA, P.C.


    */s/ Paul D. Barkhurst*
PAUL D. BARKHURST
State Bar No. 00790266
pbarkhurst@bhlawpc.com - E-Mail
JOE R. HINOJOSA
State Bar No. 24007368
jhinojosa@bhlawpc.com - E-Mail
110 Broadway, Suite 350
San Antonio, Texas 78205
(210) 226-7800 - Telephone
(210) 226-7802 - Facsimile

**ATTORNEYS FOR PLAINTIFF
FEDERAL WAGE AND LABOR
LAW INSTITUTE**